**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLES K. SMITH, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.G.N., INC.**<br><br>**Defendant.** | **Case No. 1:24-cv-7908** |

## CLASS ACTION COMPLAINT

Charles K. Smith ("Plaintiff") brings this Class Action Complaint against U.G.N, Inc. ("UGN" or "Defendant"), individually and on behalf of all others similarly situated. Plaintiff makes the following allegations based upon personal knowledge as to his own actions and upon information and belief as to all other matters.

## NATURE OF ACTION

1. UGN was founded in 1986 as a partnership between Nihon Tokushu Toryo Co. Ltd., (Nittoku), and Autoneum Holding AG. UGN produces acoustic, interior trim, and thermal management products, for the Japanese transplant automotive industry in North America.

2. For UGN employees to maintain health insurance coverage under a UGN-sponsored plan, the UGN Inc. Employee Health Care Plan ("UGN Plan" or "Plan"), they must declare whether they use tobacco products.

3. Those UGN employees who do use tobacco products are required to pay an

additional fee of $96 per month ($1,152 per year) —hereafter referred to as the "tobacco surcharge"—to maintain coverage.

4. Tobacco surcharges have proliferated in recent years. But to be legal, they must strictly comply with the terms of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., applied to medical plans by the Affordable Care Act (ACA), 124 Stat. 119, Public Law 111-148, and implementing regulations.

5. UGN did not do so, and therefore collected the tobacco surcharge in violation of the law and in violation of its ERISA fiduciary duties to Plan participants.

6. More specifically, ERISA's anti-discrimination provisions prohibit any medical plan from charging an extra premium or fee based on any health- status related factor, including tobacco use, unless that fee is part of a *bona fide* "wellness program." 29 U.S.C. § 1182(b)(1); 42 U.S.C. § 300gg-4(b)(1).

7. To qualify as a *bona fide* wellness program under ERISA, a company must offer a "reasonable alternative standard" (for example, a smoking cessation program), by which a participant can receive the program's "full reward;" that is, avoid the surcharge for the *entire* plan year (not just prospectively once the smoking cessation program has been completed).

8. The company must also provide notice that such a reasonable alternative exists for tobacco users in *every* communication regarding the tobacco surcharge.

9. At present, and over the last six (6) or more years, any UGN plan participant that completed the alternative program did not avoid *either some or all* of the tobacco surcharge that plan year through a rebate or otherwise.

10. The UGN tobacco surcharge program therefore violates ERISA's anti-discrimination requirements, and its collection by UGN was, and remains, unlawful.

11. Plaintiff Smith is a past UGN employee in Monroe, Ohio, who was required, as a

smoker, to pay the illegal tobacco surcharge to maintain health insurance coverage.

12. Plaintiff brings this lawsuit individually and on behalf of all similarly situated plan participants, seeking to have these unlawful fees returned, and for plan-wide relief under 29 U.S.C. § 1109 (ERISA § 409) and 29 U.S.C. § 1132(a)(2) (ERISA § 502(a)(2)), as well as appropriate, equitable relief under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)).

## PARTIES

13. Plaintiff Charles K. Smith resides in Waynesville, Ohio, and is a resident of the State of Ohio. UGN hired Plaintiff in approximately 2015 to work as a Material Handler at its facility in Monroe, Ohio. Plaintiff's employment with UGN ended in 2020.

14. Since at least 2015, Plaintiff has been a tobacco user.

15. Plaintiff received health insurance through UGN and signed up as a smoker during open enrollment during his employment at UGN.

16. Plaintiff paid the company's medical plan's premium and tobacco surcharge during part or all of his UGN employment.

17. Defendant UGN is headquartered at 2650 Warrenville Road, Suite 300, Downers Grove, Illinois 60515, and has more than 3,000 employees in the United States, including in Illinois. In this Complaint, "UGN" refers to the named Defendant and all parent, subsidiary, related, predecessor, and successor entities to which these allegations pertain.

18. At all times relevant to this lawsuit, Defendant operated the UGN Plan, which was available to UGN employees, retirees, and their dependents.

19. The UGN Plan is an employee welfare benefit plan subject to the provisions and statutory requirements of ERISA pursuant to 29 U.S.C. § 1003(a).

20. Plaintiff was a "participant" in the UGN Plan pursuant to 29 U.S.C. § 1102(7) during the relevant Class Period (August 30, 2018, to time of judgment).

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction in this ERISA matter under 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

22. This Court has personal jurisdiction over Defendant because it transacts business in this District, resides in this District, and has significant contacts with this District, and because ERISA provides for nationwide service of process.

23. Venue is appropriate in this District within the meaning of 29 U.S.C. §1132(e)(2) because some of the violations of ERISA occurred in this District and Defendant resides and may be found in this District.

## FACTUAL ALLEGATIONS

a. **UGN's Tobacco Surcharge is a *Prima Facie* Violation of ERISA's Anti-Discrimination Rule.**

24. As a baseline rule, and to broaden access to affordable health insurance coverage, the ACA amended ERISA to prohibit any health insurer or medical plan from discriminating against any participant in providing coverage or charging premiums based on a "health status-related factor," including the use of tobacco.

25. Pursuant to this rule, a plan "may not require any individual (as a condition of enrollment or continued enrollment under the plan) to pay a premium or contribution which is greater than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor in relation to the individual or to an individual enrolled under the plan as a dependent of the individual." 29 U.S.C. § 1182(b)(1); 42 U.S.C. § 300gg-4(b)(1).

26. On its face, UGN's tobacco surcharge violates this provision.

27. Plaintiff and all others similarly situated were required to pay an additional

"premium or contribution" of $96 per month based on a "health status-related factor," that being their use of tobacco products.

28. Specifically, at all times relevant to this lawsuit, pursuant to UGN's medical plan rules, any employee who used any tobacco products, including tobacco or tobacco-related products (e.g., cigarettes (including electronic cigarettes), cigars, pipes and smokeless (tobacco chew), hookahs, vapor devices (vape pens, JUULs, etc.) and clove cigarettes) preceding enrollment in the plan were required to declare themselves to be tobacco users as part of the enrollment process.

29. As part of its tobacco surcharge, UGN requires its employees to complete a required tobacco attestation and self-report tobacco use when the open enrollment in their health insurance plan begins.

30. The annual plan enrollment materials, the UGN Team Member Benefits Guide, from the 2018 through 2024 provide "Team Member Contributions" for different types of health care coverage.

31. As part of Team Member Contributions, there is a "NON-EXEMPT - WEEKLY DEDUCTIONS" chart and "EXEMPT – BI-WEEKLY DEDUCTIONS" chart.

32. Both the exempt and non-exempt health care coverage charts provide various deductions for each type of health plan including: "Wellness & Tobacco Free," "Tobacco Free Only," and "No Wellness & Not Tobacco Free."

33. These charts make clear that UGN smokers, either with or without a wellness exam, pay an additional $24 a week or $48 biweekly for being active tobacco users.

34. These UGN Team Member Benefits Guide nowhere state that enrolling and successfully completing a tobacco cessation program tobacco can permit tobacco users to avoid the surcharge, whether retroactively or prospectively.

35. Yet, in order to satisfy the requirement to provide a "reasonable alternative standard,"

the same, *full reward* must be available under the wellness program to individuals who qualify by satisfying a reasonable alternative standard (*i.e.*, completing the tobacco use cessation program) as is provided to individuals who qualify by satisfying the program's otherwise applicable standard (*i.e.*, not a tobacco user).

36. Based on the UGN Team Member Benefits Guides, UGN employees attesting to and self-reporting tobacco use for themselves and/or spouses/partners (and those who did not attest) did not have any notification on how to enroll in a tobacco cessation program to lower their medical deduction of $96/month.

37. UGN does provide a Notice to prospective and current employees that explains "Team Members Benefits," and that description includes "Access Blue365 for health and wellness promotions, such as healthy eating, tobacco cessation, fitness, and more."

38. But there is no further explanation in that Notice of how the tobacco cessation program interacts with the tobacco surcharge or whether Plan participants receive a rebate for the tobacco surcharge once they complete the tobacco cessation program.

39. Payment of the $1152 per year tobacco surcharge was required for Plaintiff and all others similarly situated to remain insured under the UGN plan.

40. Plaintiff and all others similarly situated have in fact paid all or part of this tobacco surcharge.

41. UGN is and has been required to make contributions to the plan to ensure that it remains adequately funded. By collecting the tobacco surcharge, UGN has reduced the amount of its own contributions, thereby increasing the company's profits.

42. At all times relevant to this lawsuit, UGN has maintained sole control of the tobacco surcharge program, including by determining which plan participants are required to pay the surcharge, withholding participants' funds from their paychecks to pay the surcharge, and

determining which employees are reimbursed, if at all, for the tobacco surcharge.

**b. UGN Cannot Avail Itself to ERISA's Safe Harbor for Wellness Programs.**

43. As an exception to its anti-discrimination rule, ERISA carves out protection for "programs of health promotion and disease prevention," also known as "wellness programs." 29 U.S.C. § 1182(b)(2)(B); 42 U.S.C. § 300gg-4(b)(2)(B).

44. But to qualify as a lawful wellness program, a plan must fully comply with a set of statutory and regulatory requirements. Those requirements concern (1) the frequency of the opportunity for a participant to qualify for the reward; (2) the size of the reward; (3) reasonable design of the program; (4) uniform availability and reasonable alternative standards; and (5) notice of the availability of a reasonable alternative standard. 29 C.F.R. § 2590.702(f).

45. These regulations "set forth criteria for an *affirmative defense* that can be used by plans and issuers in response to a claim that the plan or issuer discriminated under the [] nondiscrimination provisions." *Incentives for Nondiscriminatory Wellness Programs in Group Health Plans*, 78 Fed. Reg. 33158 at 33160 (June 3, 2013) (emphasis added).

46. *Every one* of the safe harbor requirements "must be satisfied in order for the plan or issuer to qualify for an exception to the prohibition on discrimination based on health status." *Id.*

47. UGN's tobacco surcharge program did not and does not, at least, satisfy the requirements that it provide a "reasonable alternative standard," or that it provide notice of a reasonable alternative standard. As a result, it cannot meet each element of its affirmative defense.

48. Consequently, UGN is not entitled to safe harbor protection for operating a compliant wellness program and the assessment of the tobacco surcharge constitutes unlawful discrimination based on a health status-related factor.

### c. UGN's Tobacco Surcharge Program Did Not Provide for a Reasonable Alternative Standard.

49. By law, a tobacco surcharge is an example of an "outcome-based" and "health contingent" wellness program. 78 Fed. Reg. 33158 at 33161 ("An outcome- based wellness program is a type of health-contingent wellness program that requires an individual to attain or maintain a specific health outcome (such as not smoking) in order to obtain a reward."); *see also id.* at 33159 ("Examples of health-contingent wellness programs in the proposed regulations included a program that imposes a premium surcharge based on tobacco use").

50. To be lawful, such a program must provide for "[u]niform availability and reasonable alternative standards." 29 C.F.R. § 2590.702(f)(4)(iv).

51. "[A] reasonable alternative standard must be provided to all individuals who do not meet the initial standard, to ensure that the program is reasonably designed to improve health and is not a subterfuge for underwriting or reducing benefits based on health status." 78 Fed. Reg. 33158 at 33160.

52. A common means by which plan administrators attempt to provide reasonable alternative standard to a tobacco surcharge is to permit participants to avoid the surcharge by attending and completing a smoking cessation program.

53. That is the method UGN has attempted to implement.

54. However, plan information documents do not state that participants may eliminate the tobacco surcharge by attending the smoking cessation program.

55. But for an alternative standard (such as attending a smoking cessation program) to be deemed "reasonable" under the law, "*[t]he full reward* under the outcome-based wellness program must be available to all similarly situated individuals." 29 C.F.R. § 2590.702(f)(4)(iv) (emphasis added). Thus, a participant who meets the alternative standard *must* be eligible to avoid the surcharge in its entirety for a given plan year.

56. The applicable regulatory guidelines state that "while an individual may take some time to request, establish, and satisfy a reasonable alternative standard, the same, full reward must be provided to that individual as is provided to individuals who meet the initial standard for that plan year. (For example, if a calendar year plan offers a health-contingent wellness program with a premium discount and an individual who qualifies for a reasonable alternative standard satisfies that alternative on April 1, *the plan or issuer must provide the premium discounts for January, February, and March to that individual*.)

57. Plans and issuers have flexibility to determine how to provide the portion of the reward corresponding to the period before an alternative was satisfied (e.g., payment for the retroactive period or pro rata over the remainder of the year) as long as the method is reasonable and the *individual receives the full amount of the reward*." 78 Fed. Reg. 33158 at 33163 (emphasis added).

58. But a UGN employee who completed the alternative standard during a given plan year does not appear to be eligible to avoid any part of $1152 couple tobacco surcharge.

59. There is no evidence UGN employees who are smokers could avoid the tobacco surcharge at all.

60. The UGN Team Member Benefits Guides and Notice of Team Benefits are both silent on tobacco cessation programs or reimbursement of the tobacco surcharge.

61. Because a plan participant could not receive a retroactive reimbursement – or any reimbursement at all - to avoid the tobacco surcharge in its entirety, UGN's lack of alternative standard means that UGN Plan participants could not receive the "full reward."

**d. UGN Failed to Provide Notice of Availability of a Reasonable Alternative Standard.**

62. Additionally, to be deemed a lawful wellness program, "[t]he plan or issuer must disclose *in all plan materials describing the terms of an outcome-based wellness program* . . . the

availability of a reasonable alternative standard to qualify for the reward." 29 C.F.R. § 2590.702 (emphasis added); 42 U.S.C. § 300gg-4(j)(3)(E).

63. "[A] plan disclosure that references a premium differential based on tobacco use . . . must include this disclosure." 78 Fed. Reg. 33158-01 at 33166.

64. But the UGN Team Member Benefits Guides and Notice of Team Benefits (which does mention a tobacco cessation program), do not disclose the existence of a reasonable alternative standard by which the tobacco surcharge can be avoided.

65. The UGN Team Member Benefits Guides *provide no notice at all* concerning the impact of completing a tobacco cessation program on the tobacco surcharge for plan participants.

66. Plaintiff filled out the required attestations to indicate that he was a tobacco user, but was never provided any information on how to sign up for a tobacco cessation program or how he might be eligible for a tobacco surcharge rebate.

67. None of the plan documents provided to Plaintiff in a written form or digitally on the computer disclose a means by which a participant could receive the "full reward" for the tobacco surcharge for the plan year.

68. As a result, the UGN Plan documents do not provide notice of a wellness program that, as a matter of law, must contain a reasonable alternative standard.

69. UGN has not complied with the requirement that it provide notice of the availability of a reasonable alternative standard in all Plan communications by which a Plan participant could avoid the tobacco surcharge and therefore receive the full reward of not having to pay the tobacco surcharge.

## CLASS ACTION ALLEGATIONS

70. 29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

71. 29 U.S.C. § 1132(a)(3) authorizes any participant or beneficiary of the Plan to bring an action for statutory violations of ERISA for "appropriate equitable relief."

72. In acting in this representative capacity, Plaintiff seeks to certify this action as a class action on behalf of all participants and beneficiaries of the Plan who were subject to the UGN tobacco surcharge. Plaintiff seeks to certify, and to be appointed as representatives of, the following Class:

> All persons in the United States who paid UGN's tobacco surcharge in connection with any UGN Plan at any time from six years prior to the filing of the Complaint to the present.

73. Excluded from the Class are the Court and its officers, employees and relatives; UGN and its subsidiaries, officers, and directors; and governmental entities.

74. The Class includes thousands of members and is so large that joinder of all its members is impracticable, pursuant to Federal Rule of Civil Procedure 23(a)(1).

75. There are questions of law and fact common to this Class pursuant to Federal Rule of Civil Procedure 23(a)(2), because Defendants owed fiduciary and other duties to the Plan and took the actions and omissions alleged as the Plan and not as to any individual participant. Common questions of law and fact include but are not limited to the following:

a. Whether UGN's Tobacco surcharge discriminates against plan participants based on a health status-related factor;

b. Whether UGN's Tobacco surcharge program qualifies for statutory safe harbor protection as a compliant wellness program;

c. Whether UGN can meet every element of its statutory affirmative defense for operating a compliant wellness program;

d. Whether enrollment in a smoking cessation program constitutes a reasonable alternative standard by which a participant could receive the full reward of the tobacco surcharge program;

e. Whether eliminating the tobacco surcharge on a prospective-only basis, or not at all, allows a participant to receive the full reward of the tobacco surcharge premium differential;

f. Whether all of UGN's plan materials describing the tobacco surcharge give notice of a reasonable alternative standard by which a plan participant may receive the full reward;

g. Whether a plan document that fails to note the existence of a smoking cessation program, and which does not disclose that enrollment in a smoking cessation program will allow a plan participant to avoid the surcharge, gives adequate notice of a reasonable alternative standard;

h. Whether UGN's tobacco surcharge violates the law;

i. Whether UGN's tobacco surcharge violates the terms of the UGN Plan; and

j. Whether UGN, in its discretionary fiduciary capacity of managing the UGN Plan, breached its fiduciary duties with respect to its collection and retention of the tobacco surcharge.

76. Plaintiff's claims are typical of the claims of the pertinent class pursuant to Federal Rule of Civil Procedure 23(a)(3), because all class claims arise from the same course of conduct by UGN – its collection of an unlawful tobacco surcharge – and are based on the same legal theories.

77. Plaintiff will adequately represent the Class pursuant to Federal Rule of Civil Procedure 23(a)(4), because he was a participant in the Plan during the Class period, has no interest that conflict with the Class, is committed to the vigorous representation of the Class, and has engaged experienced and competent lawyers to represent the Class.

78. Certification is appropriate under Federal Rule of Civil Procedure 23(b)(1), because prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of (1) inconsistent or varying adjudications that would establish

incompatible standards of conduct for Defendant concerning its discharge of fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (2) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries who are not parties to the adjudication, or would substantially impair those participants' and beneficiaries' ability to protect their interests.

79. Certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

80. Plaintiff's attorneys have substantial and varied experience in complex ERISA and class action litigation and will adequately represent the Class.

81. The claims brought by the Plaintiff arise from fiduciary breaches as to the Plan in its entirety and does not involve mismanagement of individual accounts.

82. The claims asserted on behalf of the Plans in this case fall outside the scope of any exhaustion language in the individual participants' Plan.

83. Exhaustion is intended to serve as an administrative procedure for participants and beneficiaries whose claims have been denied and not where a participant or beneficiary brings suit on behalf of a Plan for statutory violations and breaches of fiduciary duty.

84. Under ERISA, an individual "participant" or "beneficiary" is distinct from an ERISA Plan. A participant's obligation – such as a requirement to exhaust administrative remedies – does not, by itself, bind the Plan.

85. Moreover, any administrative appeal would be futile because the entity hearing the appeal (the Plan Administrator) is the same Plan Administrator that made the decisions that are at issue in this lawsuit.

86. Policy supporting exhaustion of administrative remedies in certain circumstances – that the Court should review and where appropriate defer to a Plan administrator's decision – does not exist here because courts will not defer to Plan administrator's legal analysis and interpretation.

**FIRST CLAIM FOR RELIEF**
**ERISA Statutory Violation – Unlawful Surcharge (ERISA Section 502(a)(3))**
**Failure to Provide a Reasonable Alternative Standard**

87. Plaintiff restates the above allegations as if fully set forth herein.

88. To enroll in a UGN medical plan, Plaintiff and class members were required to pay a tobacco surcharge in the amount of $1152 per year.

89. UGN's Tobacco surcharge is not and was not a permissible wellness program, because it did not provide for a reasonable alternative standard, in that:

a. The UGN Plan did not allow participants an alternative means to avoid the tobacco surcharge by enrolling in a smoking cessation program;

b. Even a tobacco user who enrolled in an authorized smoking cessation program would still have the surcharge deducted from their pay going forward, or would not be reimbursed for surcharge payments already made during that plan year;

c. A participant who completed the alternative standard during a given plan year would not be eligible to receive the "full reward" of the tobacco surcharge program, that being a $1152 reduction per year in premium costs to maintain medical coverage; and

d. Because a participant could not receive the "full reward," the plan did not provide for a reasonable alternative standard.

90. UGN cannot and did not meet every element of its affirmative defense for operating a lawful, compliant wellness program, and is therefore not entitled to statutory safe harbor protection.

91. UGN's Tobacco surcharge has discriminated against, and continues to discriminate

against, Plan participants based on a health status-related factor and it is assessing premiums or contributions, in violation of 29 U.S.C. § 1182(b).

92. 29 U.S.C. § 1182(b) is a provision of ERISA that Plaintiff and class members may enforce pursuant to 29 U.S.C. § 1132(a)(3).

93. Plaintiffs and class members were required to pay an illegal fee, and UGN collected that fee from them in violation of the law. Equity requires that those funds be returned.

## SECOND CLAIM FOR RELIEF
## ERISA Statutory Violation – Unlawful Surcharge (ERISA Section 502(a)(3)) Failure to Give Required Notice

94. Plaintiff restates the above allegations as if fully set forth herein.

95. To enroll in the UGN Plan, Plaintiff and class members were required to pay a tobacco surcharge in the amount of $1152 per year.

96. UGN's Tobacco surcharge is not and was not a permissible wellness program, because UGN did not give statutorily required notice of reasonable alternative standard, in that:

a. Not on the Benefit Guides discussed the tobacco surcharge, and did not disclose the availability of an alternative standard—such as a smoking cessation program—by which the surcharge could be avoided;

b. No plan document addressed the tobacco surcharge, including enrollment guides from 2018-2023. There were no plan documents explaining how the surcharge could be avoided by enrolling in a smoking cessation program; and

c. As a result, UGN Plan materials described the tobacco surcharge payment without providing adequate notice of reasonable alternative standards by which the surcharge could be avoided.

97. UGN cannot meet every element of its affirmative defense for operating a lawful, compliant wellness program, and is therefore not entitled to statutory safe harbor protection.

98. UGN's tobacco surcharge has discriminated against, and continues to discriminate against, plan participants based on a health status-related factor and it is assessing premiums or

contributions, in violation of 29 U.S.C. § 1182(b).

99. 29 U.S.C. § 1182(b) is a provision of ERISA that Plaintiff and class members may enforce pursuant to 29 U.S.C. § 1132(a)(3).

100. Plaintiff and class members were required to pay an illegal fee, and UGN collected that fee from them in violation of the law. Equity requires that those funds be returned.

## THIRD CLAIM FOR RELIEF

**ERISA Breach of Fiduciary Duty Under (ERISA Sections 406(b), 409, 502(a)(2))**
**Duties of Loyalty and Not Following Plan Terms/Prohibited Transactions**

101. Plaintiff restates the above allegations as if fully set forth herein.

102. At all times relevant to this lawsuit, UGN was the administrator of the UGN Plan within the meaning of 29 U.S.C. § 1002(16) and was a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A), in that it exercised discretionary authority and discretionary control respecting management of the UGN Plan and disposition of its assets by holding in trust the funds collected from the tobacco surcharge, and had discretionary authority and discretionary responsibility in the administration of the medical plan.

103. UGN breached its fiduciary duty by assessing and collecting the tobacco surcharge in violation of the law and in violation of the terms of the plan, as the receipt of additional funds reduced its own costs associated with funding the plan and forestalled its own obligations to make contributions thereto.

104. As a result of the imposition of the tobacco surcharge, UGN enriched itself at the expense of the plan, thereby resulting in it receiving a windfall.

105. UGN breached its fiduciary duties under ERISA in that it:

a. failed to act solely in the interest of the participants and beneficiaries of the UGN Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA. *See* 29 U.S.C. § 1104(a)(1)(A);

b. failed to discharge its duties in accordance with the documents and instruments

governing the UGN Plan insofar as the documents and instruments are consistent with ERISA, in violation of ERISA. *See* 29 U.S.C. § 1104(a)(1)(D);

c. caused the UGN Plan to engage in transactions that UGN knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the health plan, in violation of ERISA. *See* 29 U.S.C. § 1106(a)(1)(D);

d. dealt with assets of the UGN Plan in UGN's own interests in violation of ERISA. *See* 29 U.S.C. § 1106(b)(1);

e. acted on behalf of a party whose interests were adverse to the interests of the UGN Plan or the interests of its participants and beneficiaries, in violation of ERISA. *See* 29 U.S.C. § 1106(b)(2); and

f. caused the UGN Plan to require participants to pay a premium of contribution which was greater than such premium or contribution for a similarly situated participant enrolled in the UGN Plan on the basis of a health status-related factor in relation to the participant or to an individual enrolled under the health plan as a dependent of the individual, in violation of ERISA. *See* 29 U.S.C. § 1182(b).

106. As a result of these breaches, and pursuant to 29 U.S.C. § 1109, UGN is liable to make good to the plan all losses to the plan resulting from its breaches, disgorge all unjust enrichment and ill-gotten profits, and to restore to the plan and/or a constructive trust all profits it acquired through its violations alleged herein and which it made through use of assets of the plan, and for such other equitable or remedial relief as is proper.

107. Plaintiff is authorized to bring this action on behalf of the plan pursuant to 29 U.S.C. § 1132(a)(2).

**WHEREFORE**, Plaintiff requests the Court enter judgment, both individually and on behalf of all similarly situated employees, and award the following relief:

a. class action certification of Plaintiff's ERISA claim and an order appointing Walcheske & Luzi, LLC and Hassler Kondras & Miller LLP as class counsel;

b. requiring UGN to reimburse all participants who paid the tobacco surcharge from August 30, 2018, through the present plus interest;

c. requiring UGN to revise any tobacco surcharge program it intends to maintain to comply with ERISA § 702, 29 U.S.C. § 1182, and its implementing regulations;

d. enjoining UGN from collecting tobacco surcharges until UGN revises its tobacco

surcharge program to comply with ERISA § 702, 29 U.S.C. § 1182, and its implementing regulations;

e. imposing a constructive trust on profits received by UGN as a result of fiduciary breaches committed by it or for which it is liable, upon which Plaintiff and members of the class can make claims for benefits;

f. requiring UGN to disgorge all unjust enrichment or profits received as a result of fiduciary breaches committed by it or for which it is liable;

g. that the Court order UGN to provide all accountings necessary to determine the amounts UGN must make good to the plan and to plan participants and beneficiaries;

h. imposing the equitable remedy of surcharge and requiring UGN to return all funds it derived from the illegal tobacco surcharge;

i. that the Court surcharge against UGN all funds it collected in violation of ERISA and the terms of the plan;

j. awarding Plaintiff's counsel attorneys' fees and costs consistent with ERISA's fee and cost shifting provisions for the costs of prosecuting this action; and

k. any further relief that the Court may deem just and equitable.

Dated: August 30, 2024

Respectfully submitted,

**WALCHESKE & LUZI, LLC**

/s/ Paul M. Secunda
Paul M. Secunda
125 South Wacker Drive, Suite 300
Chicago, Illinois 60606
Telephone: (414) 828-2372
Fax: (262) 565-6469
psecunda@walcheskeluzi.com

**HASSLER KONDRAS MILLER LLP**

Robert P. Kondras, Jr.*
(*pro hac vice* motion pending)
100 Cherry Street
Terre Haute, IN 47807
Telephone: 877-656-7602
Facsimile: 812-234-2881
kondras@hkmlawfirm.com

*Attorneys for Plaintiff and Proposed Class*