**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| CHARLES K. SMITH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>U.G.N., INC,<br><br>        Defendant. | Case No. 1:24-cv-7908 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………………………………...ii

INTRODUCTION ....................................................................................................................1

BACKGROUND ......................................................................................................................2

    I.    PLEADINGS AND DISCOVERY ....................................................................................2
    II.   SETTLEMENT ..............................................................................................................3
    III.  OVERVIEW OF SETTLEMENT TERMS .......................................................................3
        A.   The Settlement Class .........................................................................................3
        B.   Monetary Relief..................................................................................................3
        C.   Release of Claims ..............................................................................................4
        D.   Class Notice and Settlement Administration.....................................................4
        E.   Attorneys' Fees and Administrative Costs ........................................................5
        F.   Review by Independent Fiduciary .....................................................................5

ARGUMENT ...........................................................................................................................5

    I.    STANDARD OF REVIEW ..............................................................................................5
    II.   THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL ..........................7
        A.   The Class Is Adequately Represented ...............................................................7
        B.   The Proposal Was Negotiated at Arm's-Length .................................................7
        C.   The Settlement Terms Are Fair and Adequate ..................................................8
            1.   The Monetary Relief Is Significant .......................................................8
            2.   The Risks, Costs, and Delay of Further Litigation Were Significant.....................9
            3.   The Proposed Method of Distributing Relief to The Settlement Class Is Effective..............................................................................................10
            4.   The Settlement Agreement Imposes a Reasonable Limitation on Attorney's Fees ...................................................................................10
            5.   No Separate Agreements Bear on the Adequacy of Relief to the Class...............10
            6.   The Settlement Treats Settlement Class Members Equitably ...............................11
            7.   The Class Notice Plan is Reasonable and Should be Approved ...........................11
    III. The Proposed Settlement Class Should be Certified for Settlement Purposes ..................12
    A.   THE PROPOSED SETTLEMENT CLASS SATISFIES RULE 23(A) .............................................12
    B.   THE PROPOSED SETTLEMENT CLASS SATISFIES RULE 23(B)(1)........................................14

CONCLUSION .......................................................................................................................15

CERTIFICATE OF SERVICE ................................................................................................16

i

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott v. Lockheed Martin Corp.*,
  2015 WL 4398475 (S.D. Ill. July 17, 2015) .................................................................10

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ....................................................................................................13

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*,
  No. 17-cv-00563, Dkt. 211 (May 20, 2020),
  *approved* 2020 WL 6114545  (S.D.N.Y. Oct. 7, 2020) .............................................9

*Beesley v. Int'l Paper Co.*,
  No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) .............................................10

*Bell v. Pension Comm. of ATH Holding Co.*,
  2019 WL 4193376 (S.D. Ind. Sept. 4, 2019).............................................................11

*Dolins v. Cont'l Cas. Co.*,
  No. 1:16-cv-08898, Dkt. 133 (N.D. Ill. Sept. 20, 2018).......................................8, 11

*Eubank v. Pella Corp.*,
  2019 WL 1227832 (N.D. Ill. Mar. 15, 2019) ..............................................................8

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982) ....................................................................................................14

*Godfrey v. GreatBanc Tr. Co.*,
  2021 WL 679068 (N.D. Ill. Feb. 21, 2021) ..........................................................13, 14

*Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583 (7th Cir. 2011), *as modified* (Sept. 22, 2011) ..14

*Hale v. State Farm Mut. Auto. Ins. Co.*,
  2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) ...........................................................7, 8

*In re Glob. Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004)................................................................................13

*In re Household Int'l, Inc. ERISA Litig.*,
  2004 WL 7329911 (N.D. Ill. Nov. 22, 2004) ............................................................13

*In re NCAA Student-Athlete Concussion Injury Litig.*,
  332 F.R.D. 202 (N.D. Ill. 2019), *aff'd sub nom.*
  *Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019)..................................7

*In re Rite Aid Corp. Sec. Litig.*,
  146 F. Supp. 2d 706 (E.D. Pa. 2001) ........................................................9

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ...................................................................8

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
  2018 WL 2183253 (N.D. Cal. May 11, 2018) .........................................9

*Karpik v. Huntington Bancshares Inc.*,
  2021 WL 757123 (S.D. Ohio Feb. 18, 2021) .........................................11

*Kinder v. Koch Indus., Inc.*,
  2021 WL 3360130 (N.D. Ga. July 30, 2021) .........................................11

*Koerner v. Copenhaver*,
  2014 WL 5544051 (C.D. Ill. Nov. 3, 2014) ...........................................10

*Martin v. Caterpillar, Inc.*,
  2010 WL 3210448 (C.D. Ill. Aug. 12, 2010) .....................................7, 10

*Neil v. Zell*,
  275 F.R.D. 256 (N.D. Ill. 2011) .......................................................12, 13

*Phillips Petrol. Co. v. Shutts*,
  472 U.S. 797 (1985) ...............................................................................12

*Price v. Eaton Vance Corp.*,
  No. 18-12098, Dkt. 32 (May 6, 2019), *approved*
  Dkt. 57 (D. Mass. Sept. 24, 2019) ..........................................................9

*Retired Chi. Police Ass'n v. City of Chicago*,
  7 F.3d 584 (7th Cir. 1993) .....................................................................12

*Rozo v. Principal Life Ins. Co.*,
  2021 WL 1837539 (S.D. Iowa Apr. 8, 2021) .........................................10

*Rush v. GreatBanc Tr. Co.*,
  2021 WL 2453070 (N.D. Ill. June 16, 2021) .........................................13

*Sacerdote v. New York Univ.*,
  328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021) ...................10

*Seiden v. Nicholson*,
  72 F.R.D. 201 (N.D. Ill. 1976) ...............................................................10

iii

*Shanechian v. Macy's, Inc.*,
  2011 WL 883659 (S.D. Ohio March 10, 2011) ....................................................... 12

*Sims v. BB&T Corp.*,
  2019 WL 1995314 (M.D.N.C. May 6, 2019) ......................................................... 9

*Snyder v. Ocwen Loan Serv'g*,
  2019 WL 2103379 (N.D. Ill. May 14, 2019) ........................................................ 11

*Spano v. Boeing Co.*,
  2016 WL 3791123 (N.D. Ill. Mar. 31, 2016) ........................................................ 10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006) ................................................................................... 7

*Toomey v. Demoulas Super Markets, Inc.*,
  No. 1:19-cv-11633, Dkt. 95 (Mar. 24, 2021),
  *approved* Dkt. 100 (D. Mass. Apr. 7, 2021) ........................................................ 9

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
  2018 WL 8334858 (C.D. Cal. July 30, 2018) ....................................................... 9

*Wildman v. Am. Century Servs., LLC*,
  362 F. Supp. 3d 685 (W.D. Mo. 2019) .................................................................. 10

*Wong v. Accretive Health, Inc.*,
  773 F.3d 859 (7th Cir. 2014) ................................................................................... 8

**Statutes**
29 U.S.C. §§ 1109, 1132(a)(2) .............................................................................. 11, 13

**Rules**
Fed. R. Civ. P. 23, Advisory Committee Note (1966) ............................................. 13
Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................... 11
Fed. R. Civ. P. 23(e), Advisory Commitee Note (2018) ......................................... 6
Fed. R. Civ. P. 23(e)(1) ....................................................................................... 6, 10
Fed. R. Civ. P. 23(e)(1)(B) ...................................................................................... 6
Rule 23(a) ............................................................................................................ 10, 12
Rule 23(b)(1) ....................................................................................................... 11, 12
Rule 23(e)(2) ........................................................................................................ 6, 7

**Treatises**
MANUAL FOR COMPLEX LITIGATION §§ 21.61–.63, at 308–23 (4th ed. 2004) .............. 5
Restatement (Third) of Trusts, § 100 cmt. (b)(1) ................................................... 10

**Regulations**
Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632,
  as amended, 75 Fed. Reg. 33830 ........................................................................ 5

iv

## INTRODUCTION

Plaintiff Charles K. Smith ("Plaintiff") submits this Memorandum in support of his Motion for Preliminary Approval of this Class Action Settlement with U.G.N, Inc. ("UGN" or "Defendant"), relating to tobacco surcharges under the UGN Inc. Employee Health Care Plan ("UGN Plan" or "Plan").[1]

Under the terms of the proposed Settlement, a gross Settlement Amount of two hundred and ninety-nine thousand dollars and zero cents ($299,000.00) will be paid to resolve the claims of Settlement Class Members who incurred tobacco surcharges during the Class Period. This is a significant recovery for the Settlement Class in relation to the claims that were alleged and falls well within the range of negotiated settlements in similar ERISA cases.

For the reasons set forth below, the Settlement is fair, reasonable, and adequate, and merits preliminary approval so that notice may be disseminated to the Settlement Class. Among other things:

- The Settlement was negotiated at arm's length;

- The Settlement provides for significant monetary relief that is on par with settlements in other similar cases;

- The Settlement conveniently provides for automatic distribution of the settlement proceeds to the accounts of Settlement Class Members;

- The Released Claims are tailored to the claims that were asserted in the action or could have been asserted based on the same factual predicate;

- The proposed Settlement Class is consistent with the requirements of Fed. R. Civ. P. 23;

- The proposed Notice provides substantial information to Settlement Class Members about

---

[1] A copy of the Class Action Settlement Agreement ("Settlement Agreement") embodying the compromise and settlement between the parties ("Settlement") is attached as **Exhibit 1** to the accompanying Declaration of Paul M. Secunda ("Secunda Decl."). All capitalized terms that are not otherwise defined in this Memorandum of Law have the meaning assigned to them in the Settlement Agreement.

the Settlement, and will be distributed via e-mail (if available) or first-class mail; and

- The Notice advises Settlement Class Members of the opportunity to raise any objections they may have to the Settlement and to appear at the final approval hearing.

Accordingly, Plaintiff respectfully requests that the Court enter an order: (1) preliminarily approving the Settlement; (2) approving the proposed Notice, attached as **Exhibit B** to the Settlement Agreement, and authorizing distribution of the Notice to the Settlement Class; (3) preliminarily certifying the proposed Settlement Class; (4) approving the proposed Plan of Allocation; (5) scheduling a final approval hearing; and (6) granting such other relief as set forth in the accompanying Preliminary Approval Order, attached as **Exhibit C** to the Settlement Agreement. For settlement purposes only, Defendant takes no position on this motion as parties to the Settlement.

## BACKGROUND

### I.  PLEADINGS AND DISCOVERY

In the Complaint filed on August 30, 2024, *Dkt. 2*, Plaintiff alleges that he is a past UGN employee who was required to pay tobacco surcharges that violated ERISA to maintain health insurance coverage under the Plan. Plaintiff brings this lawsuit individually and on behalf of all similarly situated plan participants and beneficiaries in Plan, seeking to have these surcharges returned under ERISA, 29 U.S.C. §§ 1109, 1132(a)(2), (3). *Id.* ¶ 12.  Before Defendant answered the Amended Complaint, the parties started to negotiate the present Settlement. Through extensive arms-length negotiations, on November 27, 2024, the parties notified the Court they had reached a settlement-in-principle. *(Dkt. 19).* The Court directed Plaintiffs to file a motion for preliminary settlement approval by January 17, 2025 *(Dkt. 20)*.

## II.   SETTLEMENT

After the Parties reached the settlement-in-principle, they then prepared the comprehensive Settlement Agreement that is the subject of this motion. *Secunda Declaration in Support of Motion for Preliminary Approval* ("Secunda Decl."), ¶¶ 10-11.

## III.   OVERVIEW OF SETTLEMENT TERMS

### A.   The Settlement Class

The Settlement Class is defined as follows:

> All persons in the United States who paid UGN's tobacco surcharge in connection with any UGN Plan at any time from six years prior to the filing of the Complaint to December 31, 2024.

*Settlement Agreement § 1.5.* There are approximately 431 Settlement Class Members.

### B.   Monetary Relief

Under the Settlement Agreement, Defendant will cause a payment of $299,000 to a common settlement fund. *Settlement Agreement § 3.1(a).* After accounting for any Attorneys' Fees and Expenses, Administrative Costs, and a Case Contribution Award approved by the Court, the Distributable Settlement Amount will be distributed to eligible Settlement Class Members. *Id. § 3.2(a).*

The Plan of Allocation has been prepared and submitted to the Court for approval in connection with this preliminary approval of the Settlement. *See id.*, *§ 3.2(c)*. Class Counsel has retained Analytics Consulting LLC ("Analytics") as the Settlement Administrator and Escrow Agent to calculate the amounts payable to Settlement Class Members. *Id. §§ 1.14, 1.30.*[2]

---

[2] Any checks that are uncashed will be delivered to the Plan and used for Plan administrative expenses. *Settlement Agreement § 3.3.*

3

### C.    Release of Claims

In exchange for the foregoing relief, the Settlement Class will release Defendant and affiliated persons and entities from "Released Claims," meaning:

> [A]ny and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, rights, obligations, damages, and liabilities (including claims for attorneys' fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort, equity, or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, matured or unmatured, potential or contingent, for monetary, injunctive, equitable, and any other relief (collectively "Claims") against the Defendant Released Parties through the date the Court enters the Final Approval Order that were asserted in the Litigation, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, representations, misrepresentations, facts, events, matters, transactions, occurrences or the conduct alleged or asserted in the Litigation or could have been alleged or asserted in the Litigation, whether or not pleaded in the Complaint, or that arise out of, relate to, are based on, or have any connection with tobacco or nicotine surcharges.

*Id. § 1.28; see also id., §§ 7.1-7.3.*

### D.    Class Notice and Settlement Administration

Settlement Class Members will receive notice of the Settlement via e-mail if an e-mail address is available, and, if not, via first-class U.S. Mail. *Id. §  & Settlement Agreement, Ex. B*. To the extent that Settlement Class Members would like more information, the Settlement Administrator[3] will establish a Settlement Website on which it will post the Settlement Agreement, the Notice, and relevant case documents, including the Amended Complaint and a copy of all Court orders related to the Settlement. *Id. § 2.8 and Settlement Agreement Ex. B*. The Settlement Administrator also will establish a toll-free telephone line that will provide the option of speaking with a live operator if callers have questions. *Id. §§ 2.11-2.12 and Settlement Agreement Ex. B*.

---

[3] Analytics Consulting, LLC has been selected as the Settlement Administrator and has extensive experience administering similar ERISA class action settlements. *Settlement Agreement*, *§ 1.30*; Secunda Decl. ¶ 29 & Ex. 2.

E.      **Attorneys' Fees and Administrative Costs**

The Settlement Agreement requires that Class Counsel file a Fee and Expense Application, which the Plaintiff will file four weeks prior the Final Approval Hearing. *Settlement Agreement, § 4.2; Settlement Agreement, Ex. C.* Under the Settlement Agreement, the requested Attorneys' Fees and Expenses may not exceed one-third of the Settlement Amount and reasonable expenses. *Id. § 4.2.* In addition, the Settlement Amount will be used to pay all Administrative Costs related to the Settlement, *id. § 3.1(j),* and a Class Representative Service Award of $5,000 for the Plaintiff. *Id § 4.1(a).*

F.      **Review by Independent Fiduciary**

As required under ERISA, Defendant will retain an independent fiduciary to review and authorize the Settlement on behalf of the Plan. *Id. § 2.4*; *see also* Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830. The Independent Fiduciary will issue its report no later than thirty (30) calendar days before the Final Approval Hearing, *Settlement Agreement, § 2.4(c),* so it may be considered by the Court on a timely basis.

## ARGUMENT

I.      **Standard of Review**

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members. This involves a two-step process. *See* MANUAL FOR COMPLEX LITIGATION §§ 21.61–.63, at 308–23 (4th ed. 2004*).* First, counsel submit the proposed settlement terms to the court, and the court makes a preliminary fairness evaluation. *Id.*, § 21.632. Second, following preliminary approval, class members are provided notice of a fairness hearing, at which time arguments and evidence may be presented in support of, or opposition to, the settlement. *Id.*, §§ 21.633–.634.

5

In 2018, Rule 23 was amended to specify uniform standards for settlement approval. *See* Fed. R. Civ. P. 23(e) advisory cmte note (2018). The amended rule states that, at the preliminary approval stage, the court must determine whether it "will likely be able" to approve the proposal. Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies the following factors the court should consider at the final approval stage in determining whether a settlement should be approved:

(A)      the class representatives and class counsel have adequately represented the class;

(B)      the proposal was negotiated at arm's length;

(C)      the relief provided for the class is adequate, taking into account:
      (i)     the costs, risks, and delay of trial and appeal;
      (ii)    the effectiveness of any proposed method of distributing relief to the class;
      (iii)   the terms of any proposed award of attorney's fees; and
      (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D)      the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).[4]

At this preliminary approval stage, the proposed agreement is viewed "in a light most favorable to settlement." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996); *Martin v. Caterpillar, Inc.*, 2010 WL 3210448, at *2 (C.D. Ill. Aug. 12, 2010). The ultimate fairness determination is left for final approval, after class members receive notice of the settlement and have an opportunity to be heard. For the reasons that follow, this Court should grant preliminary approval of the

---

[4] Prior to the 2018 Rule 23(e) amendments, the Seventh Circuit required district courts to consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby*, 75 F.3d at 1199). Because these factors "overlap," they are considered together with the Rule 23(e)(2) factors below. *See Hale v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 6606079, at *2 (S.D. Ill. Dec. 16, 2018); *In re NCAA Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 217 (N.D. Ill. 2019), *aff'd sub nom. Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019).

Settlement and authorize Notice to the Settlement Class.

## II.   The Settlement Meets the Standards for Preliminary Approval

### A.   The Class Is Adequately Represented

The record reflects that the Settlement Class is adequately represented. Class Counsel are experienced ERISA litigators with a proven track record. *See* Secunda Decl. ¶¶ 25–28. The Plaintiff is also an adequate class representative, who has diligently pursued this action on behalf of the Settlement Class after acknowledging his duties as class representative. *See* Smith Decl. ¶¶ 3–4.

### B.   The Proposal Was Negotiated at Arm's-Length

Where experienced counsel have negotiated a settlement at arm's-length, a strong initial presumption is created that the compromise is fair. *See Eubank v. Pella Corp.*, 2019 WL 1227832, at *3 (N.D. Ill. Mar. 15, 2019); *Hale*, 2018 WL 6606079, at *3. That is exactly the situation here: The settlement negotiations took place in the context of an arm's length settlement negotiation, with much back and forth negotiations, before the parties were able to hammer out a settlement agreement. *See* Secunda Decl. ¶ 10.

Also, relevant here: (1) Class Counsel undertook an extensive investigation of the factual and legal bases for Plaintiff's claims prior to commencing the Action, Secunda Decl. ¶ 8; and (2) Class Counsel had the necessary experience and qualifications to evaluate the Parties' legal positions, *id.,* ¶¶ 12–28. In addition, Defendant produced documents that allowed Class Counsel to further evaluate the strength and weaknesses of Plaintiff's claims. *Id.*, ¶ 9. These circumstances further favor approval of the Settlement. Courts in this Circuit consistently approve class action settlements reached through arm's-length negotiations after meaningful discovery. *See Wong v.*

7

*Accretive Health, Inc.*, 773 F.3d 859, 864 (7th Cir. 2014) (noting that, "although formal discovery had not commenced, [plaintiffs] had access to extensive public documents," and settlement was reached "after an arm's-length negotiation where the Parties' positions on liability and damages were extensively briefed and debated."); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 133, at *5 (N.D. Ill. Sept. 20, 2018) ("The negotiations were supported by a robust investigation before commencement of the Lawsuit; the production and review of confidential documents … during . . . discovery; and extensive legal and factual research on the issues in the case.").

### C. The Settlement Terms Are Fair and Adequate

#### 1. The Monetary Relief Is Significant

The product of these serious and informed negotiations is a Settlement that provides significant benefits to the Class.

The negotiated monetary relief represents a significant portion of the alleged losses sustained by the Plan. For purposes of mediation, Plaintiff estimates the Settlement Class's losses to be $823,352.00. Based on Plaintiffs' estimates, the Settlement Amount represents approximately 36.4% of the total estimated losses demanded from Defendant. Secunda Decl. ¶ 4. This is much better than numerous other ERISA class action settlements that have been approved across the country.[5]

---

[5] *See, e.g., Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633, Dkt. 95 at 10 (Mar. 24, 2021), approved Dkt. 100 (D. Mass. Apr. 7, 2021) (approving settlement that represented approximately 15–20% of alleged losses); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-00563, Dkt. 211 (May 20, 2020), approved 2020 WL 6114545, at *1 (S.D.N.Y. Oct. 7, 2020) (16% of alleged losses); *Price v. Eaton Vance Corp.*, No. 18-12098, Dkt. 32 at 12 (May 6, 2019), approved Dkt. 57 (D. Mass. Sept. 24, 2019) (23% alleged losses); *Sims v. BB&T Corp.*, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (19% of estimated losses); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858 (C.D. Cal. July 30, 2018) (25% of estimated losses); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, 2018 WL 2183253, at *6–7 (N.D. Cal. May 11, 2018) (approximately 10% of losses under Plaintiffs' highest model); *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses").

### 2. The Risks, Costs, and Delay of Further Litigation Were Significant

In the absence of a settlement, Plaintiff would have faced potential risks. At the time of the Settlement, there was a risk that the Court might have dismissed the claims on a motion to dismiss or summary judgment. If the case proceeded to trial, the Defendant still might have prevailed.[6] Finally, even if Plaintiff prevailed on liability, issues regarding loss would have remained. *See* Restatement (Third) of Trusts, § 100 cmt. (b)(1) (determination of losses in breach of fiduciary duty cases is "difficult").

At a minimum, continuing the litigation would have resulted in complex and costly proceedings and significantly delayed any relief to the Settlement Class. ERISA cases such as this can extend up to a decade before final resolution, sometimes going through multiple appeals.[7] The duration of these cases is, in part, a function of their complexity, which further weighs in favor of the Settlement. *See Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015) (noting that ERISA cases are "particularly complex"); *Koerner v. Copenhaver*, 2014 WL 5544051, at *4 (C.D. Ill. Nov. 3, 2014) ("The facts giving rise to Plaintiffs' claims are complicated, require the elucidation of experts, and are far from certain.").

None of this is to say that Plaintiff lacked confidence in his claims. However, given the risks and costs of litigation, it was reasonable for Plaintiff to reach a settlement on these terms. *See Schulte*, 805 F. Supp. 2d at 582–83; *accord Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have

---

[6] *See, e.g.*, *Rozo v. Principal Life Ins. Co.*, 2021 WL 1837539 (S.D. Iowa Apr. 8, 2021); *Sacerdote v. New York Univ.*, 328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021); *Wildman v. Am. Century Servs., LLC*, 362 F. Supp. 3d 685 (W.D. Mo. 2019).

[7] *See, e.g.*, *Spano v. Boeing Co.*, 2016 WL 3791123, at *1, 4 (N.D. Ill. Mar. 31, 2016) (9 years); *Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *1 (S.D. Ill. July 17, 2015) (8.5 years); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) (more than 7 years).

spent a large amount of money, time, and effort.")

### 3. The Proposed Method of Distributing Relief to The Settlement Class Is Effective

Consistent with numerous other ERISA settlements that have received court approval,[8] Settlement Class Members will have their settlement distribution automatically sent to them by check. *See* Settlement Agreement, § *3.2(c)*. This method of distribution is both effective and efficient.

### 4. The Settlement Agreement Imposes a Reasonable Limitation on Attorney's Fees

The amount of any fee award is reserved to the Court in its discretion. *See id.* § *4.2(a)*. However, Class Counsel have agreed to limit their request to one-third of the Settlement Amount. *Id.* This is the amount typically awarded in complex ERISA cases such as this. *See Bell v. Pension Comm. of ATH Holding Co.*, 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019) (collecting cases).

### 5. No Separate Agreements Bear on the Adequacy of Relief to the Class

There are no side agreements relating to the Settlement. As the Settlement Agreement plainly and expressly states: "This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, among the Parties. This Agreement cannot be altered, modified or amended except through a writing executed by all Parties." *See* Settlement Agreement, § *11.5.*

---

[8] *See, e.g.*, *Kinder v. Koch Indus., Inc.*, 2021 WL 3360130, at *1–2 (N.D. Ga. July 30, 2021); *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *2 (S.D. Ohio Feb. 18, 2021); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 122-1 § 9 (N.D. Ill. Aug. 6, 2018).

### 6. The Settlement Treats Settlement Class Members Equitably

The Settlement treats Settlement Class Members equitably. As outlined in the Plan of Allocation, the Distributable Settlement Amount will be allocated among eligible Settlement Class Members based on the tobacco surcharge amounts they paid during the Class Period. The same allocation formula is used to calculate settlement payments for all eligible Settlement Class Members, and that formula is tailored to the claims asserted in the case. *See* Settlement Agreement, § *3.2(c)*; Secunda Decl., ¶ 6. This further supports approval of the Settlement.

### 7. The Class Notice Plan is Reasonable and Should be Approved

The Court also must ensure that notice is sent in a reasonable manner to all class members who would be bound by the settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). That is precisely the type of notice proposed here, as the Settlement Administrator will individually e-mail or mail Notice of the Settlement to Settlement Class Members. Settlement Agreement, § *2.8.* These types of notice are presumptively reasonable. *See Phillips Petrol. Co. v. Shutts,* 472 U.S. 797, 812 (1985); *Snyder v. Ocwen Loan Servicing, LLC*, 2018 WL 4659274, at *3 (N.D. Ill. Sept. 28, 2018) (finding that email notice a reasonable and class members received the best notice practicable.").

Moreover, the content of the Notice is also reasonable, as it contains information regarding the terms of the Settlement, the Claims asserted in the Action, the definition of the class, the scope of the class release, the process for making an objection, Settlement Class Members' right to appear at the Final Approval Hearing, and the proposed Attorneys' Fees, Expenses, and the Class Representative Service Award. *See* Ex. B to the Settlement Agreement*.*

### III.     The Proposed Settlement Class Should be Certified for Settlement Purposes

Finally, this Court should certify the Settlement Class for settlement purposes.[9] "ERISA class actions are commonly certified" under Rule 23(b)(1) because ERISA breach of fiduciary duty and statutory violation claims are brought on behalf the Plan as a whole and seek equitable relief. *Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011). That is precisely the nature of this Action. *See Amended Complaint (Dkt. 2)*, ¶ 12 (citing 29 U.S.C. §§ 1109).

### A.     The Proposed Settlement Class Satisfies Rule 23(a)

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem*, 521 U.S. at 620. Each of these requirements is met in this case.

***Numerosity.*** There are approximately 431 Settlement Class Members. *See* Secunda Decl.*,* ¶ 3. This far exceeds the threshold for numerosity. *See Neil*, 275 F.R.D. at 260.

***Commonality.*** "[T]he commonality requirement is typically easily satisfied in ERISA cases." *Shanechian v. Macy's, Inc.*, 2011 WL 883659, at *3 (S.D. Ohio March 10, 2011); *see also In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004) ("In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries."). Here, as in other ERISA cases, there are common questions, such as (1) whether the Plan's tobacco surcharge program violated ERISA; (2) whether Defendant breached its fiduciary duties to the Plan or engaged in other statutory violations under ERISA; and (3) whether the Plan suffered losses from the alleged fiduciary breaches and statutory violations. Accordingly, commonality is satisfied. *See, e.g.*, *Neil*,

---

[9] In the context of a settlement, class certification is more easily attained because the court need not inquire whether a trial of the action would be manageable on a class-wide basis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

275 F.R.D. at 260–61; *Godfrey v. GreatBanc Tr. Co.*, 2021 WL 679068, at *4 (N.D. Ill. Feb. 21, 2021).

*Typicality.* The typicality requirement "tend[s] to merge" with commonality. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *See Godfrey*, 2021 WL 679068, at *5. Typicality is satisfied here because the "ERISA claims share the same 'essential characteristics' of the 'claims of the class at large' in that they seek to (1) obtain recovery owed to the Plan for impermissible tobacco surcharges; and (2) hold fiduciaries accountable for breaching their fiduciary duties and violating the statute. *See id.* (citing *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

*Adequacy.* The adequate representation inquiry considers the adequacy of the Class Representative and Class Counsel. *See Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified* (Sept. 22, 2011). Both are adequate here for the reasons noted above. *See supra* at 7.

The Class Representative has no known conflicts of interest with other Settlement Class Members, has assisted in pursuing the Action through reviewing case documents, and has acknowledged his responsibilities as Class Representative. *See* Smith Decl. ¶¶ 3–4. This is sufficient to demonstrate adequacy. As a participant in the Plan, his interests are aligned with other Settlement Class Members as far as recovering their tobacco surcharges. *See Rush v. GreatBanc Tr. Co.,* 2021 WL 2453070, at *7 (N.D. Ill. June 16, 2021); *Godfrey*, 2021 WL 679068, at *5–6.

For their part, Class Counsel are experienced ERISA litigators. *Secunda Decl.* ¶¶ 25–28. Thus, Class Counsel are also adequate to represent the Class.

### B. The Proposed Settlement Class Satisfies Rule 23(b)(1)

In addition to meeting the requirements of Rule 23(a), the proposed Settlement Class satisfies Rule 23(b)(1), a non-opt-out class. Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). Settlement Class Members are still permitted to object to the Settlement, *Settlement, § 2.14*, and requirements for filing an objection are set out in the Notice and proposed Preliminary Approval Order. *Exs. B & C to Settlement Agreement*.

The breach of fiduciary and statutory violation claims here plainly satisfy this test because they are brought derivatively on behalf of the Plan under ERISA, *see* 29 U.S.C. §§ 1109 and 1132(a)(2), as well as for statutory violations under § 1132(a)(3), and the outcome will necessarily affect the Settlement Class Members and the Plan's fiduciaries. *See Godfrey*, 2021 WL 679068, at *7. Indeed, courts have held that "breach of fiduciary duty claims brought [under section 1132(a)(2) or (a)(3)] are 'paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'" *Neil*, 275 F.R.D. at 267–68 (collecting cases); *In re Household Int'l, Inc. ERISA Litig.*, 2004 WL 7329911, at *2 (N.D. Ill. Nov. 22, 2004).[10] This case is no exception.

---

[10] The Advisory Committee Notes to Rule 23 expressly recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Note (1966).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) preliminarily approve the Parties' Class Action Settlement Agreement; (2) approve the proposed Notice and authorize distribution of that Notice to the Settlement Class; (3) preliminarily certify the Settlement Class for settlement purposes; (4) approve the proposed Plan of Allocation; (5) schedule a Final Approval Hearing; and (6) enter the accompanying Preliminary Approval Order.

Dated this 27th day of January, 2025      Respectfully submitted,

**WALCHESKE & LUZI, LLC**

/s/ Paul M. Secunda
Paul M. Secunda (admitted *pro hac vice*)
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (414) 828-2372
Facsimile: (262) 565-6469
psecunda@walcheskeluzi.com

**HASSLER KONDRAS MILLER LLP**

Robert P. Kondras, Jr.
100 Cherry St.
Terre Haute, IN  47807
Tel:  (812) 232-9691
Fax:  (812) 234-2881
Email:  kondras@hkmlawfirm.com

ATTORNEYS FOR PLAINTIFF and
PROPOSED SETTLEMENT CLASS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Paul M. Secunda*
Paul M. Secunda
